UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRIPALINK, CORP., a Delaware Corporation,<br>800 S. Harvard Blvd.<br>Los Angeles, CA 90005<br><br>- And -<br><br>PENG ZHANG<br>3540 Wilshire Blvd. Apt. 802<br>Los Angeles, CA 90010<br><br>                Plaintiffs,<br><br>   - against-<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br>5900 Capital Gateway Dr,<br>Camp Springs, MD 20746<br><br>JULIE SU, in her official capacity as Acting Secretary of Labor<br>200 Constitution Ave NW,<br>Washington, DC 20210<br><br>- And –<br><br>DEPARTMENT OF LABOR<br>200 Constitution Ave NW,<br>Washington, DC 20210<br><br>                Defendants | Case No.:<br><br>COMPLAINT |

INTRODUCTION

1

1. This is an action against the United States Citizenship and Immigration Services to hold unlawful and set aside a decision of the agency denying Plaintiff Tripalink Corp.'s petition to classify Peng Zhang as a specialty occupation worker and so find Mr. Zhang ineligible to change his nonimmigrant status, as well as against the Acting Secretary of Labor and the Department of Labor to hold unlawful and set aside so much of 20 C.F.R. § 705(b) as requires the Department of Homeland Security to determine whether a petition to classify a noncitizen as nonimmigrant under 8 U.S.C. § 1101(a)(15)(H)(i)(B) (H-1B petition) is supported by a Labor Condition Application (LCA) which corresponds with that petition.

DESCRIPTION OF PARTIES

2. Tripalink, Corp. (Tripalink) is a Los Angeles, California based startup company focusing on building co-living communities for millennials, especially for college students, international students, and early-career professionals.

3. Since its establishment in 2016, this company started from Southern California and has expanded to serve more than 6,000 customers in seven major U.S. cities. Tripalink's letter of May 27, 2022, Exhibit A at 44.

4. Peng Zhang is a citizen and national of the People's Republic of China, present in the state of California. His "alien" (A) number is 131-462-517.

5. The United States Citizenship and Immigration Services is an agency within the Department of Homeland to which the Secretary of Homeland Security

had delegated that authority to adjudicate H-1B petitions. It resides in Maryland and the District of Columbia

6. Julie Su is the Acting Secretary of Labor and is sued in that capacity. She resides for official purposes in the District of Columbia.

7. The Department of Labor is cabinet level department of the United States government which has been authorized to promulgate regulations under certain circumstances.

## BRIEF STATEMENT OF RELEVANT FACTS

8. On December 20, 2020 the Department of Labor published an Interim Rule entitled "Labor Condition Applications and Requirements for Employers Using Nonimmigrants on H-1B Visas in Specialty Occupations and as Fashion Models; Labor Certification Process for Permanent Employment of Aliens in the United States

    at 65 Fed. Reg. 80110.

9. This Rule provided, among many other things, that

    INS is responsible for approving the nonimmigrant's H-1B visa classification. In doing so, the INS determines whether the petition is supported by an LCA which corresponds with the petition, whether the occupation named in the labor condition application is a specialty occupation or whether the individual is a fashion model of distinguished merit and ability, and whether the qualifications of the nonimmigrant meet the statutory requirements for H-1B visa classification.

    65 FR 80110, 80210

10. On June 21, 2006 this regulation was amended to replace "INS" with "DHS".

    "Department of Labor Regulatory Review and Update", 71 FR 35511.

11. On June 6, 2022, Tripalink filed an H-1B petition Form I-129, Petition for a Nonimmigrant Worker, with U.S. Citizenship and Immigration Services (USCIS), seeking to classify Peng Zhang as a temporary worker in a specialty occupation (H-1B) under 8 U.S.C. § 1101(a)(15)(H)(i)(B), and to change Mr. Zhang's nonimmigrant status to H-1B. Decision, Exhibit A at 1 & 6.

12. This petition was assigned File No. IOE8337168762 by the agency.

13. On November 10, 2022, following the agency's issuance of a Request for Evidence and receipt of a response, the USCIS issued a decision (the Decision) denying Tripalink's petition and refusing to change Mr. Zhang's status because "[y]ou ("Tripalink") have not provided an LCA which is certified for the specialty occupation in which the beneficiary will be employed, as required by 8 C.F.R. 214.2(h)(4)(i)." Exhibit A at 5 & 6.

CAUSES OF ACTION

I. THE USCIS'S DECISION SHOULD BE HELD UNLAWFUL AND SET ASIDE AS ARBITRARY AND CAPRICIOUS

14. 5 U.S.C. § 706 provides in relevant part that:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be—
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

4

15. As noted, the USCIS denied this petition because "you have not provided an LCA which is certified for the specialty occupation in which the beneficiary will be employed". *Id.*.

16. The record shows that this is simply untrue.

17. It is undisputed that the "specialty occupation" in which the beneficiary will be employed is "Architectural Designer". *See* Tripalink's letter of May 22, 2022, stating that "[t]his letter is respectfully submitted in support of the H-1B petition to classify Mr. Peng Zhang … as an H-1 B nonimmigrant worker on a full-time basis performing a specialty occupation as a Architectural Designer." Exhibit A at 44.

18. The Decision agrees that "[y]ou indicate that the beneficiary will be employed as an Architectural Designer". Exhibit A at 3.

19. In fact, the LCA submitted by Tripalink in support of the petition *is* for an "Architectural Designer". Form ETA 9035, box B-1, Exhibit A at 37.

20. Therefore the Decision is arbitrary and capricious because it runs (directly) counter to the evidence before the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

21. Further, inasmuch as it entirely ignores the fact that the Labor Condition Application was actually issued for the specialty occupation in which Tripalink sought to employ Mr. Zhang, it is arbitrary for that reason as well. *See, e.g.*, *Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018) ("[A]n agency cannot ignore evidence contradicting its position." (quoting *Butte Cty.*

*v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)). Accord, *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, Civil Action No. 18-2015 (RC), 2018 U.S. Dist. LEXIS 196284, at *23 (D.D.C. Nov. 19, 2018).

22. Nevertheless, the Decision asserts that "in consideration of the duties of the offered position and the 'Designers, All Other' occupational classification in the U.S. Department of Labor's O*NET, the record does not establish that the LCA properly corresponds with the offered position described in the petition or that the LCA is certified for the position in which the beneficiary will be employed as required by 20 C.F.R. 655.705(b) and *Matter of Simeio Solutions*." Exhibit A at 5.

23. But nowhere did Tripalink, or even the Decision, assert that "Designers, All Others" was the *specialty occupation* in which Tripalink wished to employ Mr. Zhang.

24. True, in completing the Form ETA 9035, Tripalink was required to designate a "SOC (ONET/OES) occupation title" in which the job offered might fall, and it did designate "Designers, All Other".

25. But nowhere did it indicate that this was the "specialty occupation" in which it was offering Mr. Zhang employment, and nowhere did the Decision claim that it did.

26. In fact, "Designers, All Others" isn't a specialty occupation at all. Rather, it is an occupational classification within the Standard Occupational

6

Classification system established by the Bureau of Labor Statistics. See 2018 Standard Occupational Classification System

https://www.bls.gov/soc/2018/major_groups.htm#17-0000 (Accessed May 8, 2023).

27. An "occupation classification" is not a "specialty occupation".

28. "The term "specialty occupation" means an occupation that requires--

    (A) theoretical and practical application of a body of highly specialized knowledge, and
    (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

    8 U.S.C. § 1184(i).

29. This cannot possibly refer to "occupational classifications" within the Standard Occupation Classification[1] because many, in fact most[2], occupational classifications absolutely do not require attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States to perform. *See, e.g.* the following occupational classifications appearing in the S.O.C.:

    37-2000  Building Cleaning and Pest Control Workers
    37-2010  Building Cleaning Workers
    37-2011  Janitors and Cleaners, Except Maids and Housekeeping Cleaners
    37-2012  Maids and Housekeeping Cleaners
    37-2019  Building Cleaning Workers, All Other
    37-2020  Pest Control Workers
    37-2021  Pest Control Workers

---

[1] Or its online counterpart, O*Net.
[2] As the Court can confirm for itself, the vast majority of occupational classifications are for jobs that do not require degrees and therefore do not qualify as specialty occupations. See, generally, 2018 Standard Occupational Classification System https://www.bls.gov/soc/2018/major_groups.htm (Accessed May 6, 2023).

    37-3000  Grounds Maintenance Workers
    37-3010  Grounds Maintenance Workers
    37-3011  Landscaping and Groundskeeping Workers
    37-3012  Pesticide Handlers, Sprayers, and Applicators, Vegetation
    37-3013  Tree Trimmers and Pruners
    37-3019  Grounds Maintenance Workers, All Other

https://www.bls.gov/soc/2018/major_groups.htm#37-0000 (Accessed May 8, 2023)

30. Therefore "occupational classification" does not and cannot mean "specialty occupation" and whether or not Tripalink obtained an LCA for a particular "occupational classification" is simply irrelevant.

31. Agencies must … avoid decisions based on irrelevancies. *Salameda v. INS*, 70 F.3d 447, 451 (7th Cir.1995), *Young China Daily v. Chappell*, 742 F. Supp. 552, 554 (N.D. Cal. 1989), *Cty. of L.A. v. Leavitt*, 521 F.3d 1073, 1087 (9th Cir. 2008) (Reinhardt, C.J., dissenting).

32. Accordingly, there are at least three independent reasons why the agency's decision that Tripalink failed to provide an LCA in the specialty occupation offered Mr. Zhang was arbitrary and capricious.

33. First. because the Decision runs counter to the evidence before the agency, which shows that an LCA was in fact provided in the specialty occupation.

34. Second, the Decision entirely failed to even acknowledge that an LCA was in fact provided in the specialty occupation.

35. Third, because the Decision relied primarily upon the irrelevant fact, even if true, that Tripalink supposedly did not provide a labor condition application

in an SOC occupational classification, inasmuch as an occupational classification is *not* a specialty occupation.

WHEREFORE this Court should hold unlawful and set aside the Decision denying Tripalink's petition to classify Peng Zhang as an H-1B worker and to change his nonimmigrant status to H-1B.

COUNT II: TO HOLD UNLAWFUL AND SET ASIDE SO MUCH OF 20 C.F.R. § 655.705(B) AS IMPOSES DUTIES UPON THE DEPARTMENT OF HOMELAND SECURITY

36. The Decision denying Tripalink's petition relied in material part upon 20 C.F.R. 655.705(b), which states in relevant part that "the DHS determines whether the petition is supported by an LCA which corresponds with the petition,". Decision at 2.

37. The Decision also relies heavily upon *Matter of Simeio Solutions, LLC,* 26 I&N Dec. 542 (AAO 2015), Decision at 2, which in turn relies upon 20 C.F.R. 655.705(b) as the source for its oft repeated conclusion that the petitioner's certified labor condition application must "correspond" with the H-1B petition. *Simeo Solutions*, 26 I&N Dec. at 542, 544, 546-549 & nt.6.

38. 20 C.F.R. 655.705(b) was improperly adopted by the Department of Labor inasmuch as it imposed a duty upon the Department of Homeland Security for which it had no authority to impose under the Immigration and Nationality Act, specifically the provision of 20 C.F.R. Section 655.705(b) which states that "the DHS determines whether the petition is supported by an LCA which corresponds with the petition,".

9

39. Nothing in the Immigration and Nationality Act authorizes the Department of Labor to adopt regulations which impose duties upon the Department of Homeland Security.

40. Accordingly, the Secretary of Labor and the Department of Labor exceeded the authority delegated to them by the Immigration and Nationality Act in promulgating so much of 20 C.F.R. 655.705(b) that imposes duties upon the DHS, even where the DHS does not oppose the imposition of that duty upon it. See, e.g., *ETSI Pipeline Project v. Missouri*, 484 U.S. 495, 517 (1988) (holding that the Secretary of Interior could not approve a project falling within the Flood Control Act inasmuch as Congress had granted authority to administer that act to the Secretary of Army, even though the Army acquiesced in Interior's position). *Accord N.Y. Stock Exch. LLC v. SEC*, 962 F.3d 541, 546 (D.C. Cir. 2020).

WHEREFORE, this Court should hold unlawful and set aside the Department of Labor's promulgation of 20 C.F.R. 655.705(b) as not in accordance with law. 5 U.S.C. § 706(2)(A)

Further inasmuch as the USCIS's decision denying Tripalink's petition relies a material part on 20 C.F.R. 655.705(b) both directly and through its reliance on *Simeo Solutions*, therefore, this Court should also hold the Decision unlawful and set it aside as not in accordance with law. 5 U.S.C. 706(2).

### COUNT III: TO COMPEL AGENCY ACTION UNLAWFULLY WITHHELD OR UNREASONABLY DELAYED

41. 5 U.S.C. § 706(1) provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed;

42. The USCIS, by unlawfully denying Tripalink's petition to classify Mr. Zhang as a specialty occupation worker and application to change his nonimmigrant status to H-1B, has unlawfully withheld and/or unreasonably delayed a lawful decision on the merits of this petition and application.

WHEREFORE it is respectfully requested that this Court compel the USCIS to lawfully adjudicate Tripalink's petition to classify Mr. Zhang as a specialty occupation worker and application to change Mr. Zhang's nonimmigrant status to H-1B in no more than thirty (30) days from the date of this Court's Order setting aside the agency's decision in this matter.

Respectfully Submitted this 30th day of May, 2023.

/s/ *Michael E. Piston*
Michael E. Piston
Attorney for the Plaintiffs
Immigration Law Office of Los Angeles, P.C.
New York Office
38-08 Union St., Suite 9A
Flushing, NY 11354
(646) 876-3772
Fx: 206-770-6350
michael@immigrationhelpla.com